# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH STROUP, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 11-cv-0041 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| DONALD ENLOE, Acting Warden, | ) |
| Dixon Correctional Center,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Kenneth Stroup pleaded guilty in Illinois state court to armed robbery and home invasion and was given concurrent 25-year terms. After exhausting his state court appeals, he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting a single claim that his sentences were grossly disparate to that of his two codefendants. For the reasons stated below, the petition is denied.

---

[1] Donald Enloe, the current acting warden of the Dixon Correctional Center, is substituted as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

# BACKGROUND

The following facts are taken from Illinois Appellate Court's opinion in petitioner's direct appeal, *People v. Stroup*, 921 N.E.2d 1218 (Ill. App. Ct. 2010), and are "presume[d] to be true." *Whitman v. Bartow*, 434 F.3d 968, 969 (7th Cir. 2006).

> In April 2003, defendant and two of his friends, [Damon] Jones and Craig Buzzell, entered the home that Mr. and Mrs. Brummel shared with their teenage daughter. Once inside, defendant, Jones, and Buzzell rifled through the Brummels' belongings, stealing a few items. Mr. and Mrs. Brummel were taken to the basement, where they were tied up and monitored by defendant and Buzzell. The Brummels' daughter was escorted upstairs, where Jones sexually assaulted her.
>
> Buzzell, whose case was resolved first, entered a negotiated plea of guilty to armed robbery, home invasion, and aggravated criminal sexual assault. He was sentenced to concurrent terms of 25 years for armed robbery and home invasion and a consecutive term of 10 years for aggravated criminal sexual assault, for an aggregate sentence of 35 years. As part of his plea agreement, Buzzell agreed to testify against Jones and defendant, both of whom were planning on exercising their right to trial. Jones subsequently waived his right to trial and entered an open plea of guilty to armed robbery, home invasion, and three counts of aggravated criminal sexual assault. Jones was sentenced to concurrent terms of 15 years for home invasion and armed robbery and consecutive terms of 15 years for the aggravated criminal sexual assault convictions, for an aggregate sentence of 60 years.
>
> Thereafter, defendant entered an open plea of guilty to armed robbery and home invasion, before the same judge who sentenced Jones. Following a sentencing hearing, defendant was sentenced to concurrent terms of 25 years. In imposing the sentences, the trial court commented:
>
>> "The defense has argued that the appropriate sentence is 15 years in the Department of Corrections because that is what Mr. Jones received for the offense of armed robbery – the offenses of armed robbery and home invasion. Certainly that is what the Court imposed upon Mr. Jones after a full sentencing hearing, but I think in order to make sure that the record is clear, that everyone understands that Mr. Jones's sentencing parameters were much different than this defendant's.

> Mr. Jones was being sentenced on three separate offenses of aggravated criminal sexual assault as well as the home invasion and armed robbery. By operation of law, those sentences must run consecutive to one another. He did receive a 15-year concurrent sentence on home invasion and armed robbery. He also received a 15-year sentence on each of the separate aggravated criminal sexual assaults for an aggregate term of 60 years in the Department of Corrections with 45 of those years to be served at 85 percent. Mr. Jones, if he lives that long, will be released from penitentiary somewhere around age 70. So to say that a 15-year sentence for this based upon Mr. Jones's sentence is appropriate, I do not think that is appropriate.
>
> * * *
>
> Now, clearly based upon Mr. Jones's sentence and his actions in this case [he] was the m[o]st culpable of the three individuals. And if we're rating them in some way, Mr. Buzzell's conduct would certainly be second in line and the defendant's third because Mr. Buzzell also committed several other home invasions, two with Mr. Jones and then apparently one when he was on the run in Minnesota. So to – based upon all those factors, Mr. Jones clearly was the most culpable individual, Mr. Buzzell second based upon the totality of his criminal conduct and the defendant third.
>
> * * * So although these individuals are similarly situated, they're codefendants in this particular case, and the Court will look at their sentences to give some direction as to what an appropriate sentence is in this case. They are also somewhat differently situated tha[n] this defendant."

Defendant moved to reconsider, arguing that his sentences were excessive, especially when compared to the sentences imposed on Jones and Buzzell. The trial court denied the motion. In so doing, the court stated:

> "The one that I do wish to comment on is the last allegation, that this sentence was disproportionate to the other co-defendants based upon their culpability. And I do not find that to be the case at all.
>
> Mr. Jones will do an aggregate sentence of sixty years in the Department of Corrections, or more, at eighty five percent, which he'll be around eighty-something when he gets out, if he gets out."

(Dkt. # 11; Ex. C at pp. 2-3.)

Petitioner filed an appeal to the Appellate Court of Illinois, Second District, arguing that his sentence was grossly disparate to his co-defendants. (Dkt. # 11, Ex. F.) Specifically, he asserted that his 25-year concurrent sentences for armed robbery and home invasion were grossly disparate to the 15-year sentences imposed on co-defendant Jones for the same offenses even though Jones was sentenced for additional offenses and thus had a much longer aggregate sentence. In their briefs, the parties focused on two Illinois cases: *People v. Godinez*, 434 N.E.2d 1121 (1982) and *People v. Martinez*, 867 N.E.2d 24 (Ill. App. Ct. 2007). Petitioner in his brief acknowledged that *Martinez* held that two codefendants who had not been convicted of the exact same set of crimes were not similarly situated for purposes of a comparative sentencing analysis. (Dkt. # 11, Ex. F at 17.) Petitioner then argued that *Martinez* should not apply "because its reasoning is inconsistent with the underlying purpose of a comparative sentencing analysis as it has been applied by the Illinois Supreme Court" in *Godinez*. (*Id.*) In its brief, the State argued that *Martinez* was "directly on point" because it considered the same exact factual scenario and held that two codefendants were not similarly situated when one codefendant was convicted of additional crimes. (Dkt. # 11, Ex. G at 6-7.)

The Illinois Appellate Court affirmed, rejecting petitioner's argument that *Godinez* was applicable and concluding instead that *Martinez* and a "plethora of relevant and express authority" held that two codefendants are not similarly situated for purposes of a disparate-sentence claim if one defendant is sentenced for an additional crime. (Dkt. # 11, Ex. C at 5.)

Petitioner filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court, again raising the single claim that his sentences were disproportionate. (Dkt. #11; Ex. I.) Petitioner's

brief again focused on *Godinez* and *Martin*. (*Id.* at 3, 9-11.) On March 24, 2010, the Supreme Court denied the PLA. (Dkt. # 11, Ex. J.)

## DISCUSSION

Petitioner raises only one claim in his habeas petition, which is the same claim he raised in state court. He asserts that the state court's ruling on his disparate sentencing argument was an unreasonable application of federal law. (Dkt. # 1 at p.5.) Although petitioner again relies heavily on *Godinez*, he also cites to the U.S. Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).

In its Answer, the State raises two arguments. First, it asserts that petitioner's claim is procedurally defaulted because he failed to alert the state courts that he was relying on federal constitutional law. Second, he argues that there is no federal constitutional law or rule that would grant him relief. This Court agrees with both arguments.

To receive federal habeas relief, a state prisoner must have properly presented his claims in the state court. *Johnson v. Pollard*, 559 F.3d 746, 751-52 (7th Cir. 2009). This requires the petitioner to cite to "the operative facts and the controlling legal principles of the federal claim." *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009). Courts consider four factors in assessing whether the fair-presentment requirement has been met:

> 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001).

Applying these factors here, this Court finds that petitioner did not fairly present his federal claim in state court. In both his opening brief to the Illinois Appellate Court and in his PLA, petitioner cited to only state court cases. He did not cite to a single federal case. As described above, the parties and the Illinois Appellate Court focused on Illinois law and specifically on whether one Illinois case was implicitly overruled by another. There was no mention of any federal rule. Moreover, as discussed below, the disparate sentence argument is not one federal courts have recognized. Therefore, this was not an argument within the mainstream of constitutional litigation.

In his reply brief, petitioner does not dispute the claim that he failed to cite any federal cases in his briefs to the state court. He relies instead on the fact that his opening brief to the Illinois Appellate Court contained the following sentence: "It is central to notions of due process, fundamental fairness, and basic respect for the law that where defendants are similarly situated, they should not receive grossly disparate sentences." (Dkt. # 11, Ex. F at 10.) He believes that this was enough to alert the state courts to the federal constitutional claim. However, this sentence is followed immediately by a cite to *Godinez*, an Illinois case, suggesting that the assertion is one based on Illinois law only. Moreover, the rest of the paragraph in which this sentence is contained cites to five additional Illinois Appellate Court cases and cites to no federal case. (*Id.* at 10-11.) For these reasons, the claim is procedurally defaulted.[2]

---

[2]Petitioner has not argued for, and this Court can find no basis for, excusing his default under one of two limited exceptions: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996).

Even if it were not, the claim would fail on the merits. The State asserts in its Answer that the federal constitution does not require that a defendant's sentence be proportional to that of his codefendant. In support, the State cites a number of cases. *Williams v. Illinois*, 399 U.S. 235, 243 (1970) ("The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences."); *Dellinger v. Bowen*, 301 F.3d 758, 767-68 (7th Cir. 2002) (rejecting an argument by a habeas petitioner that it was a violation of equal protection for "any court to arbitrarily sentence two co-defendants, who are identically situated, to materially different terms of imprisonment" and noting that the petitioner did not identify "any Supreme Court precedent establishing that it is a violation of the Equal Protection Clause to receive a greater sentence than one's partner in crime"); *Knight v. Bartley*, 2011 WL 862046, *4 (N.D. Ill. March 4, 2011) ("The Seventh Circuit has already rejected the argument that disparate sentencing of similarly situated codefendants violates any constitutional right.").

In his reply brief, petitioner has not attempted to distinguish any of the cases relied on by the State, nor has he cited to any contrary case law regarding this point. In his opening petition, petitioner cited to only one Supreme Court case, *Williams v. Taylor*, 529 U.S. 362 (2000), but he never discussed that case and instead focused on *Godinez*. This Court cannot find any rule or principle from *Williams* that would support petitioner. The U.S. Supreme Court has emphasized repeatedly that a habeas petitioner must point to a "clearly established" rule as set forth in a Supreme Court opinion. *See generally Lopez v. Smith*, __ S.Ct.__, 2014 WL 4956764, *3 (Oct. 6, 2014) (reversing grant of habeas petition and criticizing the Ninth Circuit for relying on legal rules that are "too abstract" and that fail to support the "specific rule [the habeas petitioner]

needs" to prevail). This Court can find no Supreme Court case to support petitioner's specific argument that the trial court could not rely on aggregate sentences in considering the relative culpability among petitioner and his codefendants. To the extent that petitioner is relying on generalized notions of due process and fundamental fairness, this Court can find no basis concluding that the trial court's analysis was unfair. Codefendant Jones, deemed the most culpable, received an aggregate sentence of 60 years; codefendant Buzzell, the next most culpable, received an aggregate sentence of 35 years; and petitioner, the least culpable, received an aggregate sentence of 25 years. The trial court gave a reasonable explanation, which is quoted above, for these different sentences.

For the reasons stated herein, this Court denies petitioner Kenneth Stroup's habeas corpus petition. This Court declines to issue a certificate of appealability, finding that he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Date: November 5, 2014    Enter  _____
                                 Sharon Johnson Coleman
                                 United States District Court Judge